# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH D. ANDREWS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-08-070-SPS |

## OPINION AND ORDER

The claimant Kenneth D. Andrews requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining that he was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) to two inquiries: first, whether the decision is supported by substantial evidence; and second, whether the correct legal standards were applied. *Hawkins v. Chater*, 114 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence means "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court

---

[1] Step one requires the claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work the claimant can perform existing in significant numbers in the national economy, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on August 14, 1965, and was forty-one years old at the time of the administrative hearing. He has a high school education and previously worked as a street maintenance worker, tire service worker, and truck driver. The claimant alleges he has been disabled since November 1, 2002, because of disorders of the back (discogenic and degenerative).

**Procedural History**

On February 11, 2005, the claimant protectively filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and an application for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Both applications were denied.[2] ALJ Ralph Wampler conducted a hearing and found the claimant was not disabled on December 28, 2006. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

---

[2] The claimant filed previous applications for disability benefits and supplemental security income payments in May 2004. The claims were denied initially and no further appeal was taken (Tr. 17).

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that the claimant had the residual functional capacity ("RFC") to perform a full range of sedentary work, *i. e.*, that he could lift and/or carry ten pounds; stand and/or walk for at least two hours total during an eight-hour workday; and sit for at least six hours total during an eight-hour workday (Tr. 20). The ALJ concluded that the claimant was not disabled because there was work he could perform existing in significant numbers in the regional and national economies, *e. g.*, assembly worker and surveillance system monitor (Tr. 24).

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly analyze his credibility; and, (ii) by failing to perform a proper step five determination. The Court finds the claimant's first contention persuasive.

The record reveals that the claimant's severe impairments included degenerative and discogenic disorders of the back (Tr. 20). At the administrative hearing, the claimant testified he recently had completed three semesters of college as part of a vocational rehabilitation program, but he had been unable to work because of his back condition (Tr. 242-44). He testified he remained in bed at least three or four days per week. The claimant sought medical care for his back and surgery was recommended; however, he did not pursue it because he could not afford the cost and had no insurance (Tr. 245). The claimant attended classes three days per week and had been granted special privileges because of his

-4-

condition, *i. e.*, he could stand up if necessary or leave the room and parked in a handicap parking space (Tr. 246). When the claimant was not in class, he performed some light household tasks, but spent the majority of the day lying down because sitting and standing were too painful (Tr. 247). He testified that he could sit for ten to fifteen minutes before becoming uncomfortable, and the pain was relived by walking for five to ten minutes (Tr. 248-49). The claimant rarely stood completely still, but estimated that he could for five to ten minutes before suffering pain in his back and legs (Tr. 249). He could only walk from his car into the classroom (Tr. 250-51). He could carry laundry in five to ten pound handfuls, but he could not lift his new grandchild (Tr. 252). He could sit and/or stand for only four hours total before having to lie down for approximately two to three hours (Tr. 256). The claimant testified he took Flexeril and Lortab but quit because he was becoming dependent on them, they caused violent episodes, and he could no longer afford them. Instead, he took Tylenol (Tr. 257).

In his written decision, the ALJ summarized the claimant's testimony and found that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely credible." (Tr. 21). Although the ALJ referenced the credibility factors discussed in Social Security Ruling 96-7p, 1996 WL 374186, and 20 C.F.R. §§ 404.1529, 416.929, he only specifically discussed: (i) that the objective evidence did not support the claimant's allegations; (ii) that there were no medical

records for the claimant after February 2005; and, (iii) that the claimant had attended college classes. He then concluded that "[t]he medical evidence reveal[ed] the claimant has lower back and right leg pain; however, not to the degree indicated by the claimant." (Tr. 22-23).

Deference is generally given to an ALJ's credibility determination unless there is some indication that the ALJ misread the medical evidence taken as a whole. *Casias*, 933 F.2d at 801. In assessing a claimant's complaints of pain, an ALJ may disregard a claimant's subjective complaints if unsupported by any clinical findings. *Frey v. Bowen,* 816 F.2d 508, 515 (10th Cir. 1987). But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted]. "[B]oilerplate language fails to inform [a court] in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that [a] claimant's complaints were not credible." *Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004), *citing Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001). The ALJ's credibility determination clearly fell below these standards.

First, the ALJ mentioned the credibility factors set forth in 20 C.F.R. §§ 404.1529, 416.929 and Social Security Ruling 96-7p. He was not required to perform "a formalistic factor-by-factor recitation of the evidence[,]" *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000), but he "may not simply 'recite the factors that are described in the regulations.'" *Hardman*, 362 F.3d at 678, *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4. Here, the

ALJ mentioned the credibility factors and summarized the claimant's testimony and the medical evidence; however, he did not link the factors to the specific evidence. *See Kepler*, 68 F.3d at 391 (The ALJ must "explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible."). *See also Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008) ("The ALJ's purported pain analysis is improper boilerplate because he merely recited the factors he was supposed to address and did not link his conclusions to the evidence[.]").

Second, and more importantly, the specific reasons given by the ALJ for finding that the claimant's subjective complaints were not credible are not supported by the record. For example, although the lack of objective support for subjective complaints is a factor to consider in a credibility analysis, *see Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991) (noting that one factor to consider when evaluating the credibility of pain testimony is "the consistency or compatibility of nonmedical testimony with objective medical evidence[.]") [quotation omitted], the lack of objective support does not justify completely disregarding subjective allegations. *See Hamlin v. Barnhart*, 365 F. 3d 1208, 1220 (10th Cir. 2004) ("While 'the absence of an objective medical basis for the degree of severity of pain may affect the weight to be given to the claimant's subjective allegations of pain, . . . a lack of objective corroboration of the pain's severity cannot justify disregarding those allegations.'"), *quoting Luna v. Bowen*, 834 F. 2d 161, 165 (10th Cir. 1987). *See also* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) ("[W]e will not reject your statements about the

intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work . . . solely because the available objective medical evidence does not substantiate your statements."). Further, the ALJ's finding that the latest medical records for the claimant were from February 2005 is not supported by the administrative record. The claimant underwent a consultative examination in May 2005 wherein he was noted to have weak toe and heel walking, significant discomfort in the lumbar spine, positive straight leg raising on the right in the seated and supine positions, and a stable gable but with slow speed and stiffness (Tr. 144-45). Finally, the ALJ may consider that the claimant attended school in making his credibility determination, but this does not *in and of itself* undermine the claimant's subjective complaints of pain. *See*, *e. g.*, *Markham v. Califano*, 601 F. 2d 533, 534 (10th Cir. 1979) ("Ability to drive an automobile, participate in some community affairs, *attend school*, or to do some work on an intermittent basis does not necessarily establish that a person is able to engage in a 'substantial gainful activity,' but such activities may be considered by the Secretary[.]") [emphasis added]. *See also Frey*, 816 F.2d at 516-17 ("Nor does the ALJ's citation of 'daily activities' indicate substantial evidence refuting Frey's complaint of disabling pain or its credibility. . . . [T]he claimant had performed a few household tasks, had worked on his cars, and had driven on occasional recreational trips. . . . [S]poradic performance does not establish that a person is capable of engaging in substantial gainful activity."), *citing Broadbent v. Harris*, 698 F.2d 407, 413 (10th Cir. 1983).

For the reasons set forth above, the decision of the Commissioner is reversed and the case remanded to the ALJ for further analysis of the claimant's credibility. On remand, the ALJ should properly analyze the claimant's credibility, and if such analysis requires any adjustment to the claimant's RFC, the ALJ should redetermine what work, if any, the claimant can perform and whether he is disabled.

## Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED** this 26th day of August, 2009.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**